**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: **ELIM DE JESUS DAVILA TIRADO**<br>**SHARON LIZ JIMENEZ DIAZ**<br>Debtor(s) | CASE NO: **14-02204-MCF**<br><br>**Chapter 13** |

**TRUSTEE'S NO OBJECTION TO PROPOSED POST CONFIRMATION PLAN MODIFICATION UNDER SECTION 1329**

*ATTORNEY FEES AS PER R 2016(b) STATEMENT:

Attorney of Record: **ROBERTO FIGUEROA CARRASQUILLO***

Total Agreed: **$3,000.00**     Paid Pre-Petition: **$516.00**     Outstanding (Through the Plan): **$0.00**

*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1329

Debtor's/s' Commitment Period: ☒ Under Median Income 36 months    ☐ Above Median Income 60 months §1325(b)(1)(B)
Projected Disposable Income: **$0.00**

Liquidation Value: **$107,195.00**    Estimated Priority Debt: **$1,073.75**

If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately $106,121.25

With respect to the Proposed "PCM": Dated **1/29/18**    (Dkt **74**)    Plan Base: **$41,120.00**

<u>The Trustee:</u>    ☐ **DOES NOT OBJECT**    ☒ **OBJECTS**    Plan Confirmation    Gen. Uns. Approx. Dist.: 100%

The Trustee objects to confirmation for the following reasons:

**[1325(a)(1)] Failure to comply with her/his/their duties.[11 U.S.C.704(a)(4) and 1302(b)(1)]**

- Debtor has failed to submit post-petition tax returns for evaluation.

Debtor has failed to submit evidence of the status of proceeds from collection of Judgment of Civil Case for related to unpaid wages and damages.

Debtor(s) has failed to submit evidence of having filed federal and local Tax Returns 2014.

Plan must be amended to change the provision of lump payment of 52 months instead of 60 months as proposed in PCM.

**[1325(a)(5)(B)(i)(1)] Fails to provide for retention of lien.**

- Under the terms of the new plan format, the only section that provides for the retention of liens is Section 3.2. Debtor must include such provision regarding secured creditors in other subsections of Section 3 in the Non-Standard Provision Section of the Plan (Section 8.1).

8.3 This Section modifies LBF-G, Part 3, Sections 3.1, 3.3, 3.4 & 3.7 : Retention of Lien :
The holder of any claim listed in Part 3, Sections 3.1, 3.3, 3.7 and any lien not avoided in Section 3.4, will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of: (1) the payment of the underlying debt determined under nonbankruptcy law; or (2) discharge under section 1328.

**[1325(a)(6)] Payment Default Feasibility** – Debtor(s) is in default with proposed plan payments, to the trustee and/or creditor(s).

As of this date, arrears under proposed plan total the amount of $390.00 (1 month).

Next payment is due on February 20, 2018. Debtors must show that they can comply with payments as proposed.

[1325(b)(1)(B)] Projected Disposable Income – Debtor(s) fails to apply projected disposable income, to be received during applicable commitment period, to make payments to unsecured creditors under the plan. [1322(a)(1)]

- Fails to provide to devote future income tax refunds to fund the plan.

8.2 This Section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the plan: Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to the use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

Part 5: Treatment of Nonpriority Unsecured Claims

Plan must be amended to include in Section 5.1 the provision of 100% + 4.25% in compliance with the terms of the confirmed plan.

*OTHER COMMENTS / OBJECTIONS

Trustee objects additional attorney's fees of $500.00 until above matters are resolved.

NOTICE
**14 day notice**: Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification system.

/s/ Jose R. Carrion, Esq.
**CHAPTER 13 TRUSTEE**
PO Box 9023884, San Juan PR 00902-3884
Tel. (787)977-3535 Fax (787)977-3550

Date: February 09, 2018

/s/ Jose R. Carrion, Esq.

Last Docket Verified: 74   Last Claim Verified: 11-2   CMC: MC