IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE: **ELIM DE JESUS DAVILA TIRADO**
SSN xxx-xx-8182
**SHARON LIZ JIMENEZ DIAZ**
SSN xxx-xx-3789

Debtor(s)

CASE NO: **14-02204-MCF**

**Chapter 13**

- AMENDED -

## TRUSTEE'S OBJECTION TO PROPOSED POST CONFIRMATION PLAN MODIFICATION UNDER SECTION 1329

*ATTORNEY FEES AS PER R 2016(b) STATEMENT:

Attorney of Record: **ROBERTO FIGUEROA CARRASQUILLO***

Total Agreed: **$3,000.00**     Paid Pre-Petition: **$516.00**     Outstanding (Through the Plan): **$0.00**

*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1329

Debtor's/s' Commitment Period: ☑ Under Median Income 36 months   ☐ Above Median Income 60 months §1325(b)(1)(B)
Projected Disposable Income: **$0.00**

Liquidation Value: $107,195.00   Estimated Priority Debt: $1,073.75

If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately $106,121.25

With respect to the Proposed "PCM": Dated 3/16/2018   **(Dkt 80)**   Plan Base: $22,248.00

The Trustee:   ☐ DOES NOT OBJECT   ☑ OBJECTS   Plan Confirmation   Gen. Uns. Approx. Dist.:100%

The Trustee objects to confirmation for the following reasons:

[1325(a)(4)] Plan fails Creditors Best Interest Test.

---- Proposed plan fails to provide for the payment of interest at 4.25% of the general unsecured claims.

[1325(a)(6)] Insufficiently Funded – Plan funding insufficient to comply with Creditors Best Interest Test. [1325(a)(4)]

---The plan needs a minimum base of approximately $39,500.00.
Debtors must explain why they eliminated the lump sum payment. Evidence in support of their response must be included.

Part 5: Treatment of Nonpriority Unsecured Claims

---Plan must be amended to include in Section 5.1 the provision of 100% + 4.25% in compliance with the terms of the confirmed plan.

*OTHER COMMENTS / OBJECTIONS

---Debtor has failed to include the treatment to TD Auto Finance included in the confirmed plan.

--- Debtor has failed to use the 2016 and 2017 tax refund to fund the plan.

**NOTICE**
**14 day notice:** Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or

any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification system.

/s/ Jose R. Carrion, Esq.
**CHAPTER 13 TRUSTEE**
PO Box 9023884, San Juan PR 00902-3884
Tel. (787)977-3535 Fax (787)977-3550

Date: July 23, 2018

/s/ Mayra Arguelles, Esq.

Last Docket Verified: 80   Last Claim Verified: 11-2   CMC: MC